

timony on the trial reaffirmed the fact. Moreover, if the date of his original classification (May, 1966) is deemed to be the critical time, then the application completely failed to show that between that date and the order of induction or the date the application for change was filed there was a "change in the registrant's status resulting from circumstances over which the registrant had no control." There is no merit in the claim that he was denied procedural due process by the board.

Affirmed.

Max P. Engel, Philip S. Goldin, Engel & Pollack, Miami, Fla., for appellant.

Morton Orbach, Asst. U. S. Atty., Neal R. Sonnett, William A. Meadows, Jr., U. S. Attys., Miami, Fla., for appellee.

Before POPE,* TUTTLE and CLAYTON, Circuit Judges.

PER CURIAM:

There was ample evidence from which the jury could find the guilt of the accused of the charges of holding and passing counterfeit federal reserve notes beyond a reasonable doubt. We find no *Miranda* warning issue in this case.

The judgment is affirmed.

**James Harold JONES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24747.**

United States Court of Appeals
Fifth Circuit.

June 18, 1968.

**Israel SCHAWARTZBERG, Appellant,**

v.

**UNITED STATES BOARD OF PAROLE**
**and the Attorney General of the**
**United States, Appellees.**

**Israel SCHAWARTZBERG, Appellant,**

v.

**WARDEN OF U. S. PENITENTIARY,**
**LEAVENWORTH, KANSAS,**
**Appellee.**

**Nos. 10029, 10030.**

United States Court of Appeals
Tenth Circuit.

Aug. 6, 1968.

* Of the Ninth Circuit, sitting by designation.